**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RAVEN ALONZIA, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| TARGET CORPORATION, | |
| Defendant. | |

---

TO:    Clerk of the Court
       United States District Court for the Southern District of New York
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, New York 10007-1312

**PLEASE TAKE NOTICE** that Defendant Target Corporation ("Defendant" or Target"),

by its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby

files this Notice of Removal with respect to the case identified as *Raven Alonzia v. Target*

*Corporation,* Case Number 156969/2023, from the Supreme Court of the State of New York,

New York County.  In support of this Notice of Removal, Defendants state as follows:

**Timeliness of Removal**

1.      On July 11, 2023, Plaintiff Raven Alonzia filed a Summons and Verified

Complaint (the "Complaint") with the Supreme Court of the State of New York, County of New

York, entitled *Raven Alonzia v. Target Corporation,* Case Number 156969/2023 (the "State

Court Action").  Plaintiff's Complaint in the State Court Action names Target Corporation as the

defendant.  Pursuant to 28 U.S.C. §1446, a true and accurate copy of the Summons, Complaint,

and all other pleadings, orders, and other papers or exhibits of every kind in the State Court

Action are attached hereto as **Exhibit 1 (hereinafter "Compl**.").

2.      The Summons and Complaint were served on Target on July 20, 2023.

3.      Target, which is the only named Defendant, has not filed any pleadings in the State Court Action.

4.      In her Complaint, Plaintiff alleges that during her employment with Target, an employee of Target subjected her to harassment and discrimination on the basis of her race and national origin, and alleges that Target wrongfully terminated her in retaliation for reporting the alleged harassment, in violation of the New York City Human Rights Law, NYC Admin. Code § 8-107 (Compl. First and Second Counts) and further violated the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* (the "NYSHRL") (Compl. Third Count).  Additionally, Plaintiff purports to bring common law claims against Target for negligent infliction of emotional distress.  (Compl., Fourth Count.)

5.      Since the Summons and Complaint were served July 20, 2023, this Notice of Removal is being filed within 30 days of service, and therefore is timely pursuant to 28 U.S.C. §1446(b).

**This Case Is Removable Based Upon Diversity Jurisdiction.**

6.      This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).  The requirements of 28 U.S.C. § 1332 have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

**The Parties Are Diverse.**

7.      For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled.  *Lemos v. Pateras*, 5 F. Supp. 2d 164, 165 (S.D.N.Y. 1998).  Residence is *prima facie* evidence of domicile.  28 U.S.C. § 1332.

8.      Plaintiff is a resident of the State of New York.  (Compl. ¶ 3.)  Plaintiff's last known address on file at Target is:  90 Pitt Street, Apartment 1E, New York, New York (Decl. at ¶ 2) and upon information and belief, Plaintiff is domiciled in New York and is therefore a citizen of New York for diversity purposes. *See Lemos*, 5 F. Supp. at 165 ("for purposes of diversity jurisdiction, one is a citizen of the state where one is domiciled.").

9.      Target is now, and was at the time of the filing of this action, a corporation headquartered in Minneapolis, Minnesota. (Decl. at ¶ 3.) Target's corporate headquarters and principal place of business are located in Minneapolis, Minnesota, and all of Target's corporate executives and its senior leadership team have been and continue to be based in Minneapolis, Minnesota.  (Decl. at ¶ 3.)

10.     Target is a citizen of Minnesota because its principal place of business is in the State of Minnesota, as its business functions are directed, controlled, and coordinated from its corporate headquarters in the State of Minnesota. *See Hertz Corp. v. Friend,* 558 U.S. 77, 92-93 (2010) ([A] "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.")

11.     Accordingly, this action is one in which none of the parties in interest properly joined and served is a defendant is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b).

**The Amount In Controversy Exceeds $75,000.00.**

12.    While Target denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332.

13.    Additionally, Plaintiff seeks, "back pay with prejudgment interest and all the fringe benefits to which he [sic] is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable."  (Compl. at pg. 7.)

14.    The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy for purposes of removal.  *See* Pub. L. 112-63, Title II, § 205.

15.    Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.00.  28 U.S.C. §1446(c)(2)(B).  The "defendants' notice of removal need include only a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000.00 by a preponderance of the evidence, not to a legal certainty.

16.    While Target maintains that Plaintiff is not entitled to any relief whatsoever, the NYSHRL entitles a successful plaintiff to compensatory damages.  *See* N.Y. Exec. Law § 297.

19.    As of the date of her termination on July 13, 2020, Plaintiff was earning approximately $15.50 per hour to work approximately 23 hours per week. (Decl. ¶ 4.)  Accordingly, an award of three years of back-pay potentially could amount to approximately $55,000.00.  As set forth below, there is a reasonable chance that emotional distress damages, punitive damages, or attorney's fees could exceed 20,000.00, thus vaulting the jurisdictional threshold when combined with this back pay award.

20.    Furthermore, it is well established that "if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *People's Club of Nig. Int'l v. People Club of Nig. Int'l- N.Y. Branch*, 821 F. App'x. 32 (2d Cir. 2010) (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991)).    Uncapped punitive damages are available under the NYSHRL and the NYCHRL. NY Exec. § 207(9); *Farias v. Robinson,* 259 F.3d 91 (2d Cir. 2001).

21.    Plaintiff also claims damages for emotional distress.  (Compl. ¶ 18.)  An award of compensatory damages for lost wages coupled with even garden-variety emotional distress is almost certain to exceed the $75,000.00 threshold.  *See Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 324 (S.D.N.Y. 2018) ("The Second Circuit has 'affirmed awards of $125,000 to plaintiffs for garden variety emotional distress resulting from discrimination where the evidence

of emotional distress consisted only of testimony establishing shock, nightmares, sleeplessness, humiliation, and other subjective distress, without evidence of secondary physical results or consequences—or professional treatment.") (quoting *Lore v. City of Syracuse*, 620 F.3d 127, 177 (2d Cir. 2012))(internal quotation marks omitted).

22.     Additionally, "A potential award of attorney's fees may be considered by the court when determining whether a case involves the jurisdictional minimum." *Gardiner Stone Hunter Intern. v. Iberia Lineas Aereas De Espana,* S.A., 896 F. Supp. 125, 128 (S.D.N.Y. 1995). If this case proceeds to trial, there is a reasonable probability that Plaintiff's attorney's fees could exceed the jurisdictional amount.

21.     Because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), and this action is removable to this Court pursuant to 28 U.S.C. §1441(b).

**<u>Venue</u>**

17.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because this Court embraces New York County, New York, the place where the State Court Action is pending. 28 U.S.C. §1441(a).

**Notice of Removal to Plaintiff and the Supreme Court of the State of New York**

18.     Pursuant to 28 U.S.C. §1446, prompt written notice of this Notice of Removal is being served upon Plaintiff and the original is being filed in the State Court Action with the Clerk of the Supreme Court for the State of New York, as required by 28 U.S.C. §1446.  A copy of  the Notice of Filing of Notice of Removal is attached as **Exhibit 3**.

**Conclusion**

19.     Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs; therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

20.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Target's factual allegations have evidentiary support and their legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

21.     By filing this Notice of Removal, Target does not waive any defenses available at law, in equity, or otherwise.

WHEREFORE, Defendant Target Corporation respectfully requests that the above-referenced civil action proceed in the United States District Court for the Southern District of New York, as an action properly removed to that court.

Dated: August 1, 2023

Respectfully submitted,

TARGET CORPORATION

By: */s/ Alnisa Bell*
Alnisa S. Bell
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
abell@seyfarth.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2023, a true and correct copy of the foregoing Notice of

Removal, with Exhibits 1-3, and Civil Cover Sheet, was filed with the Clerk using the CM/ECF

filing system and served upon all counsel of record via United States Postal Service, proper

postage prepaid, and email at the following address:

Henrick Vandamme, Esq.
Vandamme Law Firm, P.C.
46 Trinity Place, 3rd Floor
New York, New York 10006

_s/ Alnisa Bell_
Alnisa Bell
Attorney for Defendant Target
Corporation