

46 Trinity Place, 3rd Floor
New York, New York 10006
Tel: 212-641-0613
Fax: 212-918-0729

---

October 16, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2023
```

**VIA CM/ECF**
Hon. Barbara Moses
500 Pearl Street, Suite 310
New York, New York, 10007

**MEMO ENDORSED**

Re: *Raven Alonzia v. Target Corporation;* Case No.: 1:23-cv-06716

Dear Judge Moses:

    We represent the Plaintiff Raven Alonzia in this matter. Please note that Plaintiff agrees to withdraw the cause of action for negligent infliction of emotional distress. Plaintiff further agrees to limit the total damages to $75,000.00 or less.

    As such, this court lacks subject matter jurisdiction over this matter and the matter should be remanded to the Supreme Court, New York County.

    "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. Perhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613 (2d Cir. 2019). "[S]ubject matter jurisdiction... can never be forfeited or waived."

    Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *See United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also* Fed R. Civ. P. 12(h)(3).

    Defendant might argue that the amount in controversy exceeds $75,000 because Plaintiff seeks back pay, front pay, and pain suffering. Defendant might further contend that "[a]dding up the three components of damages alleged by Plaintiff would bring the likely amount in controversy over $75,000.00. Plaintiff confirms, however, by filing this letter stipulating to limit the total damages to $75,000.00 or less." In light of Plaintiff's letter, which the Court should deem to be a binding representation regarding the quantum of damages in this case, the Court no longer has jurisdiction. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); *Bernadin v. Amer. Airlines*, No. 08-cv-1774, 2009 WL 1910964, at 2-3 (E.D.N.Y. Jul. 1, 2009) (finding that plaintiff's letter request to amend complaint to reduce the amount in controversy deemed binding and sufficient to divest the court of jurisdiction); *Foley v. CVS Pharmacy, Inc.*, No. 17-cv-1631, 2017 WL 5900956, at *2 (D. Conn. Nov. 30, 2017) (holding that "[b]ecause Plaintiff now has stipulated that the amount in controversy is not greater than $75,000, exclusive of interests and costs,... the Court lacks subject matter jurisdiction").

  Accordingly, the Court should remand the instant action to the Supreme Court of the State of New York, County of New York, Index No. 156969/2023.

  I also respectfully request an adjournment of next week's conference pending the court's determination regarding the remand to the Supreme Court, New York County.

            Very truly yours,

            s/Hendrick Vandamme

Application GRANTED, to the extent that the initial case management conference previously scheduled for October 25, 2023, is ADJOURNED *sine die*. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
October 16, 2023